[No. B128111. Second Dist., Div. Two. Oct. 5, 1999.]

HELENE CURTIS, INC., Plaintiff and Appellant, v.
ASSESSMENT APPEALS BOARD OF LOS ANGELES COUNTY,
Defendant and Respondent.

126

## COUNSEL

David L. Gangloff, Jr., and Ronald Gangloff for Plaintiff and Appellant.

Lloyd W. Pellman, County Counsel and Nancy M. Takade, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**NOTT, J.**—This case presents two issues: (1) Title 18, section 305, subdivision (e) of the California Code of Regulations (Rule 305(e)) prohibits amendment of applications for property tax refunds "to request relief additional to or different in nature from that originally requested" after the filing deadline. Is that regulation authorized by the State Board of Equalization's (SBE) governing statutes? (2) Did applications for tax reductions which only stated challenges to escape assessments of personal property and fixtures include challenges to the underlying real property at the business location?

Helene Curtis, Inc. (Curtis), appeals from the denial of its petition for administrative mandamus. The trial court denied Curtis's petition to compel the Assessment Appeals Board of Los Angeles County (AAB) either to grant a hearing on the valuation of all property located at its business location or to allow Curtis to amend its assessment reduction applications to include all

property located at its business location. The AAB denied Curtis's request to amend its application on the ground that the amendment was not permitted under Rule 305(e). Curtis contends that (1) "Rule 305(e) is a void administrative rule because it is not authorized by the [SBE's] enabling statutes"; and (2) "There is no need to amend the application because [the AAB] determined it was valid but limited its purpose."

In 1995, the Los Angeles County Assessor (Assessor) conducted an audit of the books and records at Curtis's business. The Assessor issued escape assessments[1] of personal property and fixtures at the location for 1992, 1993, and 1994. Tax bills reflecting the escape assessments were mailed to Curtis on June 28, 1995.

On August 10, 1995, Curtis filed three applications seeking reduction of the escape assessments. The applications were heard on February 3, 1997. At the hearing, AAB stated that the applications were not valid for the purpose of equalizing the underlying real property at Curtis's business location. Curtis requested the AAB to permit amendment of the applications and presentation of evidence regarding the assessment of all real property. The AAB denied the request, and Curtis presented no evidence contesting the escape assessments. AAB denied the three applications.

In June 1998, Curtis petitioned for writ of administrative mandate. The trial court found that none of the applications referred to property other than personal property and fixtures, and Curtis failed to demonstrate that Rule 305(e) was an invalid administrative regulation. The trial court denied the petition and entered judgment in favor of AAB.

## DISCUSSION

■ The petition for writ of administrative mandamus was brought pursuant to section 1094.5, subdivision (b) of the Code of Civil Procedure. The underlying facts are undisputed in this case, and the issue before us is one of law. We review the trial court's conclusions of law independently. (*Jenron Corp.* v. *Department of Social Services* (1997) 54 Cal.App.4th 1429, 1434 [63 Cal.Rptr.2d 508].) ■ On review of an administrative agency regulation, our task is to ascertain whether the rule enacted reasonably interprets the legislative mandate. (*Lavin* v. *California Horse Racing Bd.* (1997) 57 Cal.App.4th 263, 270 [66 Cal.Rptr.2d 843].)

---

[1]Escape assessments are deficiency assessments, assessed retroactively to remedy omissions or errors in the original assessment of taxable property. (Rev. & Tax. Code, § 469.) Property on the assessment roll that has escaped assessment is assessed upon discovery at its value on the lien date for the year for which it escaped assessment. (Rev. & Tax. Code, § 531.)

As part of the assessment process, the Assessor must audit the books and records of a taxpayer engaged in a business that owns locally assessable trade fixtures and business tangible personal property with a full value of $300,000 or more. (Rev. & Tax. Code, § 469.)[2] If, during the audit, the Assessor discovers the existence of property subject to an escape assessment, the Assessor upon discovery must assess its value on the lien date for the year for which it escaped assessment. (§ 531.)

A party seeking to reduce an assessment of property must file an application with the AAB. (§ 1603, subd. (a).) The application must be in writing, verified by the party affected by the assessment, and disclose the facts supporting the requested reduction as well as the applicant's opinion of the full value of the property. (*Ibid.*) A taxpayer may request equalization of the escape assessment as well as the original assessment of all other property at the same location for the year in which the escape assessment is issued except in those instances when the property has previously been equalized for the year in question. (§§ 469, 1605, subd. (e).)

I. *Rule 305(e) is a valid administrative regulation.*

 Rule 305(e) states: "No application may be amended after 5:00 p.m. on the last day upon which it might have been filed if the effect of the amendment is to request relief additional to or different in nature from that originally requested."

Government Code section 15606, subdivision (c) grants quasi-legislative power to the SBE to adopt rules and regulations governing equalization. The SBE must "[p]rescribe rules and regulations to govern local boards of equalization when equalizing . . . ." (*Ibid.*) "Whenever by the express or implied terms of any statute a state agency has authority to adopt regulations to implement, interpret, make specific or otherwise carry out the provisions of the statute, no regulation adopted is valid or effective unless consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute." (Gov. Code, § 11342.2.)

 Administrative regulations that alter or amend the statute or enlarge or impair its scope are void, and it is the court's obligation to strike down such regulations. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1389 [241 Cal.Rptr. 67, 743 P.2d 1323].) An administrative agency granted quasi-legislative powers may, however, adopt regulations to fill in the details of the statutes enacted by the Legislature. (*Masonite Corp.* v. *Superior Court* (1994) 25 Cal.App.4th 1045, 1053 [31 Cal.Rptr.2d 173].)

---

[2] All statutory references are to the Revenue and Taxation Code, unless otherwise indicated.

The statutes governing local equalization proceedings (§ 1601 et seq.) neither permit nor prohibit amendment of applications. They provide only for specific time periods in which a party must file an assessment appeal application. (See §§ 1603, subd. (b)(1), 1605, subd. (b).) In Rule 305(e), the SBE exercised its gap-filling authority by adopting a procedural rule to prohibit a substantive amendment after expiration of statutory filing deadlines. The regulation provides guidance to the local board, informing it of the circumstances under which amendments are allowed. It is therefore reasonably necessary to effectuate the purpose of the statutes. Rule 305(e) is not in conflict with sections 1603 and 1605. Those statutes prescribe filing periods. The regulation at issue advises that new or additional claims cannot be asserted after the filing deadline.

*Masonite Corp.* v. *Superior Court, supra,* 25 Cal.App.4th 1045, relied upon by Curtis, is distinguishable. There the manufacturer was required to prepare certain reports according to guidelines issued by the State Air Resources Board. The board issued the guidelines in a regulation which not only dictated the format of the report, but also stated that unless a trade secret is designated in the report in the manner specified, trade secret protection is waived. The court found that while the board could specify the format of the report, it could not add a provision for waiver of trade secret protection. Here, the statutes provide filing periods. The regulation states there can be no amendment to add new or additional claims after that period. Thus, the regulation does not add a provision to the statutes, but rather implements them.

Contrary to Curtis's position, Rule 305(e) does not violate long-standing legislative and judicial policy favoring a liberal amendment policy. Curtis first points to 14 instances in the Revenue and Taxation Code, in 13 of which the statute allows for amendment until a final decision is made.[3] That the Legislature specifically provided for amendment in certain other provisions shows that it knows how to do so if that is its intent. The Legislature did not do so here.

Curtis also relies upon the judicial policy to liberally construe pleadings. This policy is not violated by Rule 305(e). Rule 305(e) allows postdeadline corrections or clarifications of the application, and allows the taxpayer to submit additional information regarding the claim. (See *Midstate Theatres,*

[3]Curtis cites sections 6561.5 (sales and use tax), 7710.5 (motor vehicle fuel license tax), 8851.5 (use fuel tax), 30261.5 (cigarette tax), 38442 (timber yield tax), 40092 (energy resources surcharge law), 41086 (emergency telephone surcharge), 43302 (hazardous substances tax law), 45302 (integrated waste management fee), 55082 (fee collection procedures law), and 60351 (diesel fuel tax law) as allowing amendment, and section 11340 (private railroad car tax) as not allowing amendment.

*Inc.* v. *Board of Supervisors* (1975) 46 Cal.App.3d 204, 209, 211 [119 Cal.Rptr. 894] [judicial policy is to construe applications for reduction in assessment liberally, and under Rule 305(e) the taxpayer may amend the application after the filing date so long as the amendment does not request relief additional to or different in nature from that originally requested]; *County of Sacramento* v. *Assessment Appeals Bd. No. 2* (1973) 32 Cal.App.3d 654, 676 [108 Cal.Rptr. 434] [a taxpayer may amend a pending application after the filing date to state a different taxable interest valuation, since to do so does not request relief different from or in addition to that originally requested].) What is not allowed is the addition of new and additional types of relief.

II. *The applications filed by Curtis did not cover real property.*

 Curtis takes the position that its applications were sufficient without amendment to allow a challenge to the value of its real property. The application form lists six reasons for requesting a change of value. These include that the Assessor's value exceeds the market value on the transfer date or on the date of completion of new construction, a decline in value, that an appraisal due to change in ownership or a penal assessment is not justified, and that the Assessor's value of personal property or fixtures is incorrect. In addition, a space is left where the taxpayer can fill in a legal issue. On the application forms for each escape year, Curtis marked only the box for incorrect value of personal property and fixtures.

We conclude that, interpreting the applications liberally, they are nevertheless insufficient to trigger review of the value of the underlying real property. Section 1603, subdivision (a) establishes the basic guideline by which to measure the sufficiency of an application for a reduction in assessment: "A reduction in an assessment on the local roll shall not be made unless the party affected or his or her agent makes and files with the county board a verified, written application showing the facts claimed to require the reduction and the applicant's opinion of the full value of the property." The statutory language does not require that the applicant follow technical rules of pleading. An application is adequate if it provides the board with sufficient information to know the nature of the applicant's claim, to the end that the claim may be investigated by the assessing authorities prior to the hearing. (*Midstate Theatres, Inc.* v. *Board of Supervisors, supra,* 46 Cal.App.3d at p. 209.) Here, the applications indicated only that the escape assessments for personal property or fixtures were being challenged. They did not apprise the assessing authority that it should also prepare to meet a challenge to the underlying real property assessments for the years in question.

*Metropolitan Culinary Services, Inc.* v. *County of Los Angeles* (1998) 61 Cal.App.4th 935 [71 Cal.Rptr.2d 859], relied upon by Curtis, does not advance its cause. In that case, the basis for reduction of assessments relied upon by the taxpayer was an error or omission by the Assessor in calculating base year values under section 51.5 (error or omission in determination of base year value). We held that checking a box marked "Assessor's value of personal property and/or fixtures is incorrect" and writing in the legal issue section "Assessor's improper method of calculation" were sufficient to raise the issue, despite the taxpayer's failure to specify the controlling statute. (61 Cal.App.4th at p. 945.) Here, the issue is not failure to identify the precise legal basis for a reduction, but rather failure to seek reduction of the values of property other than the escape assessments. Curtis failed to give sufficient notice of its intent to challenge the original real property assessments.

Curtis also relies upon an SBE annotation (or staff interpretation), identified in its brief as Annotation No. 180.0023 (Sept. 20, 1996). ▮ To the extent it interprets statutory law, the tax annotation is persuasive, not binding authority. The degree of deference to be given an interpretive annotation depends upon such factors as whether the opinions are reached as a result of adversary proceedings, whether they involve interpretation of the agency's own rules, and whether they are the result of a formal regulation adoption proceeding. (See *Yamaha Corp. of America* v. *State Bd. of Equalization* (1998) 19 Cal.4th 1, 7 [78 Cal.Rptr.2d 1, 960 P.2d 1031].) ▮ The annotation in issue represents the agency's interpretation of sections 469 and 1605 based upon a letter request for guidance. We therefore may consider its reasoning, but are not bound by it.

The annotation concludes that the appeal from an escape assessment includes the review of other property valuations at the same location. Review of those valuations "is not contingent upon the filing of timely applications for equalization for [the taxpayer's] real property for the years of the escape assessment (1992 and 1993) or as part of the same application(s) for equalization that appeal(s) the escape assessments." (Annot. No. 180.0023, *supra.*) The annotation relies largely upon legislative intent. We have reviewed the legislative history materials relied upon by the agency and do not find them persuasive. We find nothing in those materials that manifests an intent not to require the taxpayer to state the basis for the reduction sought. The statutes require that the application apprise the agency of the basis for the claim. We conclude that where the taxpayer seeks review of both the escape assessment and the valuation of other property at the location, the taxpayer must so state in the application.

In its reply brief, Curtis for the first time asserts that the AAB is collaterally estopped from relying on Rule 305(e). Curtis takes the position

that a trial court opinion, *Burroughs Corp. v. County of Los Angeles* (Super. Ct. L.A. County, 1981, No. C 193999), determined that Rule 305(e) is void and is binding upon the AAB. Curtis's position fails for at least two reasons. Curtis has waived the issue by failing to raise it earlier (see *Reichardt* v. *Hoffman* (1997) 52 Cal.App.4th 754, 764-765 [60 Cal.Rptr.2d 770]); and nonmutual collateral estoppel does not apply against the government as a way to preclude relitigation of issues such as this one (see *United States* v. *Mendoza* (1984) 464 U.S. 154 [104 S.Ct. 568, 78 L.Ed.2d 379]).

### DISPOSITION

The judgment appealed from is affirmed.

Boren, P. J., and Zebrowski, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 25, 2000.